**In the Matter of Willie C. NORMAN, Debtor.**

**Bankruptcy No. 79-01780.**

United States Bankruptcy Court, D. New Jersey.

Nov. 12, 1985.

Essex-Newark Legal Services by Dean J. Despotovich, Belleville, N.J., for debtor.

Lasky & Cohen by Martin J. Cohen, Newark, N.J., for Chrysler Credit Corp.

## OPINION AND ORDER

D. JOSEPH DeVITO, Bankruptcy Judge.

The petitioner herein moves for permission to reopen the above captioned bankruptcy proceeding and to amend the list of creditors to include a debt of his daughter, upon which the petitioner was a co-signer.

The debtor's petition was filed on July 19, 1979, with the Notice of Discharge issuing on September 17, 1979.

The co-signer, the debtor herein, alleges that by reason of a wage execution served upon him, subsequent to the issuance of his discharge, he became aware that he was subject to a wage execution held by the Chrysler Credit Corporation.

It appears that in July of 1977 the petitioner co-signed a loan for his daughter to enable her to purchase an automobile. The car was subsequently repossessed due to the daughter's default on the loan payments. Chrysler Credit Corporation, the creditor, is now, apparently, pursuing the petitioner in his role as co-signer of the note. The petitioner states that he did not understand the potentiality of this debt, and, thus, he did not explain the situation to his attorney, nor take steps to insure that it was included among his dischargeable debts.

The Bankruptcy Code places an affirmative duty on the debtor to file a list of his creditors. 11 U.S.C. § 521[1]; Bankruptcy Rule 1007[a][1]. This list may be amended by the debtor as a matter of course any time before the case is closed. Bankruptcy Rule 1009. With respect to the reopening of a case, a bankruptcy proceeding may be reopened to, *inter alia,* accord relief to the debtor. 11 U.S.C. § 350[b]. This may be done on motion by the debtor or other party in interest. Bankruptcy Rule 5010.

It is the opinion of this Court that the petitioner herein made an honest mistake in not including Chrysler Credit Corporation among his creditors, said error due to his misunderstanding of his contingent liability as a co-signer of the loan made to his daughter. As such, he should be permitted to reopen his case and be allowed to amend his schedules, so that the full measure of relief granted by the Bankruptcy Code may be accorded to him.

WHEREFORE, it is hereby

ORDERED, ADJUDGED, and DECREED:

Pursuant to 11 U.S.C. § 350[b], the bankruptcy proceeding of the petitioner, Willie C. Norman, be reopened, and the petitioner, pursuant to Bankruptcy Rule 1009, may amend his schedule of creditors to list the debt owed to the Chrysler Credit Corporation by virtue of his having co-signed the automobile loan made to his daughter in July, 1977. Said debt shall be subject to the full force and effect of 11 U.S.C. § 524, in accordance with the discharge granted.